# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| GREATAMERICA LEASING CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>ROHR-TIPPE MOTORS, INC. d/b/a BOB ROHRMAN QUALITY USED CARS and d/b/a BOB ROHRMAN HONDA; ROHR-INDY MOTORS, INC. d/b/a INDY HYUNDAI/SUZUKI SUPERSTORE; ROHR-GROVE MOTORS, INC. d/b/a ARLINGTON NISSAN BUFFALO GROVE; ROHR-VILLE MOTORS, INC. d/b/a SATURN OF GURNEE and d/b/a SATURN OF LIBERTY VILLE; FIVE STAR MOTORS OF LAFAYETE, INC. d/b/a SATURN OF LAFAYETTE and d/b/a BOB ROHRMAN MITSUBISHI; ROHR-MITS MOTORS, INC. d/b/a LIBERTYVILLE MITSUBISHI; ROHR-GURNEE MOTORS, INC. d/b/a GURNEE MOTORS; ROHR-MONT MOTORS, INC. d/b/a OAKBROOK TOYOTA IN WESTMONT; ROBERT V. ROHRMAN, INC. d/b/a SCHAUMBURG HONDA AUTOMOBILES; ROHR-LEX MOTORS, INC. d/b/a ARLINGTON LEXUS IN PALATINE; ROHRMAN MIDWEST MOTORS, INC. d/b/a ARLINGTON ACURA IN PALATINE; BOB ROHRMAN MOTORS INC. d/b/a BOB ROHRMAN SUBARU; ROHR-ALCO MOTORS, INC. d/b/a FORT WAYNE NISSAN-INFINITI; ROHR-ETTE MOTORS, INC.; MID-STATES MOTORS, INC. d/b/a FORT WAYNE ACURA/SUBURU,<br><br>    Defendants. | No. C05-119-LRR<br><br>**ORDER** |

**TABLE OF CONTENTS**

I.   BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    A.    *Principles of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    *Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        1.    *Breach of Contract* . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        2.    *Unjust Enrichment* . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        3.    *Aggregation* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    C.    *Costs & Expenses* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Before the court is the Motion for Remand filed by Plaintiff GreatAmerica Leasing Corporation (docket no. 7). Defendants, Rohr-Tippe Motors, Inc., *et al.*, resisted the Motion for Remand. The matter is fully submitted and ready for decision.

## I. BACKGROUND

Plaintiff GreatAmerica Leasing Corporation ("GreatAmerica") is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa. Defendants, Rohr-Tippe Motors, Inc., *et al.* ("the Dealerships"), are fifteen automobile dealerships incorporated and located in Illinois or Indiana.

On May 23, 2005, GreatAmerica filed a two-count Petition against the Dealerships in the Iowa District Court In and For Linn County. GreatAmerica alleged (1) breach of eighteen written contracts and (2) unjust enrichment. GreatAmerica claimed the

2

Dealerships stopped making payments on a software program they leased. The software program, LeaseScan, calculated payments and payoffs for automobile leases.

On July 7, 2005, the Dealerships filed a Notice of Removal with this court. *See* 28 U.S.C. §§ 1441(a), 1446. The Dealerships stated this court had jurisdiction because there was complete diversity of citizenship amongst the parties and an amount in controversy greater than $75,000, exclusive of interest and costs. *See id.* § 1332(a)(1). In its Motion for Remand, GreatAmerica denies there is $75,000 in controversy and asks that this matter be sent back to state court.

## II. LEGAL ANALYSIS

Generally, a defendant in a civil case which was brought in state court may remove the matter to federal court if the federal court has original jurisdiction. *Id.* § 1441(a); *see, e.g., Motion Control Corp. v. SICK, Inc.*, 354 F.3d 702, 705 (8th Cir. 2003). This court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The parties agree that this is a civil action between citizens of different states. The issue is whether there is more than $75,000 in controversy.

### A. Principles of Review

In a diversity case, the district court has jurisdiction if "a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002);[1] *accord James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d

---

[1] The Dealerships quote from *Kessler v. Nat'l Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) and insist remand is proper only if "it appears to a legal certainty that the claim is really for less than the jurisdictional amount." In *Kopp*, the Eighth Circuit held

(continued...)

828, 831 (8th Cir. 2005). The proponent of federal jurisdiction bears the burden to prove it. *See Kramper*, 393 F.3d at 831; *see also Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002) ("The party opposing remand has the burden of establishing federal subject-matter jurisdiction."). The court must "resolve all doubts about federal jurisdiction in favor of remand." *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

### B. Jurisdiction

### 1. Breach of Contract

For purposes of this motion, the Dealerships concede that the total amount due under the eighteen written contracts is approximately $48,000. To reach this court's jurisdictional minimum of $75,000, the Dealerships ask this court to also count attorney fees and interest that might accrue should protracted litigation result. The contracts clearly state that in the event the Dealerships breach, GreatAmerica is entitled to a reasonable attorney fee and interest at the rate of one-and-one-half percent per year.

Although the jurisdictional statute states that the amount in controversy is "exclusive of interest and costs," *see* 28 U.S.C. § 1332, it is well settled that reasonable attorney fees are part of the amount in controversy when they are recovered pursuant to a statute or a contract. *Springstead v. Crawfordsville State Bank*, 231 U.S. 541, 541-43 (1913); *see, e.g., Capitol Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992); *see also* Wright

---

[1](…continued)
this "legal certainty" standard was equivalent to the standard quoted in the body of this order. 280 F.3d at 885. *But see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995) (holding legal certainty standard not applicable in cases in which state-court complaint, like the one in the case at bar, does not seek a specific sum); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160 (6th Cir. 1993) (same); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 n.2 (7th Cir. 1993) (similar).

& Miller, *Federal Practice & Procedure* § 37 (2002) ("[I]t is now quite settled that [attorney] fees are a part of the matter in controversy when they are provided for by contract, or by a state statute, so long as the fee demanded is reasonable." (Footnotes omitted.)). *But see Rasmussen v. State Farm Mut. Auto. Ins. Co.*, 410 F.3d 1029, 1031 (8th Cir. 2005) ("[O]nly statutory attorney fees count toward the jurisdictional minimum calculation."). It also appears interest may count towards the jurisdictional minimum if it is owed on account of an underlying contractual obligation. *See Brown v. Webster*, 156 U.S. 328, 330 (1895) (distinguishing between "interest as such and the use of an interest calculation as an instrumentality in arriving at the amount of damages to be awarded on the principal demand"); *see also Transaero, Inc. v. La Fuerza Area Boliviana*, 24 F.3d 457, 461 (2d. Cir. 1994) ("[W]here . . . interest is owed as part of an underlying contractual obligation, unpaid interest becomes part of the principal for jurisdictional purposes." (citing *Edwards v. Bates County*, 163 U.S. 269, 272) (1896)). The court assumes reasonable attorney fees and interest on the underlying contractual amount count towards the jurisdictional minimum in this case because of the parties' written contracts.

The critical issue in this case is deciding *what* attorney fees and interest count. Should the court estimate the attorney fees and interest that might be awarded at the end of the lawsuit or only count the attorney fees and interest accrued by the time the suit was filed in state court? The parties do not point to any Supreme Court or Eighth Circuit Court of Appeals precedent directly on point, and the court cannot find any. The parties' briefs reveal that there is a circuit-split on this issue, at least with respect to attorney fees. *Compare Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (requiring the district court to estimate the attorney fees likely to be incurred), *with Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958-59 (7th Cir. 1998) (judging matters at the time the state-court complaint was filed).

The Dealerships urge the court to estimate the attorney fees and interest

GreatAmerica might recover should this litigation drag out. The Dealerships opine that, if the court were to gaze into the future of this "likely . . . hotly contested" suit, the court would see that it "may very well involve . . . fees of over $25,000" and could "easily exceed $30,000." To support this estimate, the Dealerships have presented the court with evidence of a number of state-court cases in which GreatAmerica has applied for or received a sizeable attorney fee.[2] The Dealerships also contend it is "likely" this matter will not resolve itself until two years after the date of filing, and, therefore, over $20,000 in interest will accrue.

GreatAmerica asks the court to judge matters as they were at the time of filing in the state court. In the alternative, GreatAmerica claims the Defendants' estimates are too speculative. GreatAmerica also points out that the cases in which it has received a sizeable attorney fee involved either a counterclaim or an appeal, thus contributing significantly to the ultimate award.

The court agrees with GreatAmerica and holds that to determine the amount in controversy under 28 U.S.C. § 1332, the court should only count the attorney fees and interest accrued at the time the lawsuit was filed in state court. The Supreme Court and the Eighth Circuit have both remarked, albeit in slightly different contexts, that jurisdiction should be determined by looking at the case as it was at the time it was filed in state court. *See Wis. Dept. of Corr. v. Schacht,* 524 U.S. 381, 390 (1998) ("[F]or purposes of removal jurisdiction, we are to look at the case as of the time it was filed in state court . . . .") (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 291 (1938)); *Colorado Life Co. v. Steele*, 95 F.2d 535, 537 (8th Cir. 1938) ("[J]urisdiction

---

[2] Of the cases presented, only two involve sums that would bring the Dealerships over the jurisdictional minimum in the case at bar. In one case GreatAmerica applied for over $34,000 in attorney fees, but it is unclear how much was ultimately awarded. In the other case, the state district court judge awarded GreatAmerica almost $28,000 in attorney fees.

is determined by the petition as it was at the time of the removal from the state court."); *see also Core v. Sw. Bell Tel. Co.*, 847 F.2d 497, 498 (8th Cir. 1988) (holding district court did not err when it retained jurisdiction of a case even though the plaintiff amended his petition below jurisdictional amount after removal); *cf. Kramper*, 393 F.3d at 834 ("[W]e . . . judge the legitimacy of the amount in controversy based on information known to the court at the time jurisdiction [is] challenged." (Internal quotation omitted.)).

The court also finds the Seventh Circuit's reasoning persuasive. In *Gardynski-Leschuck*, the Seventh Circuit concluded attorney fees "that have not been and may never be incurred" cannot be "in controversy" for purposes of a jurisdictional statute. 142 F.3d at 958. *Gardynski-Leschuck* involved a $50,000 jurisdictional minimum and the Magnuson-Moss Warranty Act of 1975, 28 U.S.C. §§ 2301-12, a statute which provided for an award of attorney fees. 142 F.3d at 958 (citing 28 U.S.C. § 2310(d)(2)). The court wrote:

> It is essential to distinguish between the likely course of litigation and the legal rights of the parties. Suppose the McCoys sell a garden rake for $10 to the Hatfields, who find it defective. The Hatfields could buy a new rake at Sears for $10, but instead they file suit against the McCoys under the Magnuson-Moss Warranty Act. They state in the complaint that they anticipate attorneys' fees of $50,000 (for a total amount-in-controversy of $50,010), because the enmity of the parties makes settlement impossible. Assume this is factual—that the Hatfields and McCoys will fight the case to the last dollar in their bank accounts. Still, the amount "in controversy" between the parties at the outset is no more than $10, the sum the McCoys would have to pay to resolve the case on the date it was filed.

*Id.* at 958-59; *see also Steel Co. v. Citizens For a Better Env't*, 523 U.S. 83, 107 (1998) (recognizing that legal expenses not incurred when suit was filed do not create an Article III "case or controversy"). The same analysis applies here with equal force. In

determining the amount in controversy, the court cannot speculate about attorney fees and interest that might accrue if the matter were to proceed to trial and the parties were to engage in acrimonious litigation. "Unless the amount in controversy was present on the date the case began, the suit must be dismissed for want of jurisdiction." *Gardinski-Leschuck*, 142 F.3d at 958.

The Dealerships apparently concede that if the jurisdictional amount is determined at the time the suit was filed, they cannot meet their burden to show $75,000 is in controversy. The court agrees with this concession. From the evidence available to the court, it is clear that the attorney fees and interest accrued at the time the suit was filed were negligible because of the relatively minimal legal work involved and the short time between the alleged breach and the filing of the suit. When added to the $48,000 allegedly due on the contract, the court finds the amount in controversy is well below the $75,000 minimum.

Even if the court were to apply the legal standard urged by the Dealerships, the court nonetheless finds the Dealerships would be unable to meet their burden to show the jurisdictional minimum could be met. The Defendants have not provided the court with any actuarial formula or other method by which the court might calculate attorney fees. It is not the court's job to speculate in the absence of such proof. *See Kramper*, 393 F.3d at 831 (holding party seeking to invoke court's jurisdiction bears the burden of proof); *see also Bus. Men's Assurance Co. of Am.*, 992 F.2d at 183 (A court must "resolve all doubts about federal jurisdiction in favor of remand."). That said, if it were to speculate, the court's best guess is that attorney fees and interest would not be sufficient to reach the jurisdictional minimum. Notwithstanding the Dealerships' assertions to the contrary, this case does not appear to be terribly complicated. It is a relatively straightforward contract dispute. There are no counterclaims involved. Even though eighteen contracts are at issue, they are very similar, if not identical. Although the Dealerships allege otherwise,

it does not appear "extensive discovery" will be necessary. Furthermore, the court is almost certain that it would not take two years to bring this matter to trial.

## 2. *Unjust Enrichment*

The Dealerships argue that even if GreatAmerica's breach-of-contract claim does not involve $75,000, its unjust-enrichment claim does. In Count II of its Petition, GreatAmerica sought to recover "the value of the leased equipment and the fair market value of any rental payments due while in use." It appears this unjust-enrichment claim was pled in the alternative, in light of the near universal rule of contracts that an express contract and an implied contract cannot co-exist. *See, e.g., Iowa Network Servs., Inc. v. Qwest Corp.* 363 F.3d 683, 694 (8th Cir. 2004). The parties appear to assume the same.[3] The court, therefore, assumes GreatAmerica's unjust-enrichment claim should not be added to its breach-of-contract claim to meet the jurisdictional amount, but rather calculated separately.

To show GreatAmerica's unjust-enrichment claim involves more than $75,000, the Dealerships assert the value of the "leased equipment," *i.e.*, the LeaseScan software, is $86,000. To arrive at this figure, the Dealerships make several assumptions. The Dealerships claim the software was worth $6000 when first leased. Multiplying $6000 times eighteen, the number of leases, the Dealerships claim that collectively the software was worth $108,000 at the time the Dealerships first leased it. The Dealerships then posit that the software had a life of fifteen years—twelve years beyond the three-year lease period. The Dealerships conclude "the value of the leased equipment" at the end of the lease period was $86,000, or 12/15 (80%) of $108,000. When $86,000 is added to "the

---

[3] The court notes the Dealerships do not attempt to add attorney fees or interest to meet the jurisdictional minimum for GreatAmerica's unjust-enrichment claim. As indicated, in the absence of a contract or statutory provision, attorney fees and interest are not included in the jurisdictional minimum.

9

fair market value of any rental payments due while in use,"[4] the Dealerships contend the unjust enrichment claim clearly exceeds this court's jurisdictional minimum of $75,000.

The court finds a number of fatal flaws in such logic. First, the "value" of the software is not necessarily its retail price. Even though the software maker may have advertised a "retail price" of $6000 per lease, the Dealerships purchased the software for $3000 per lease. Indeed, GreatAmerica's predecessor-in-interest, which initially financed the Dealerships, paid the software maker $68,000 for all eighteen leases, or approximately $3778 per lease. Based on the actual price paid, the court concludes $6000 is an unrealistic estimate of the value of the software.

Second, there is no reason to assume the software would depreciate at a constant rate for its advertised lifetime of fifteen years. The Dealerships have offered no evidence to warrant this assumption. The only evidence in the record supports a contrary conclusion: namely, that the software, like much in the computer world, suffered a precipitous drop in value during its first few years. The actual terms of the written contracts gave the Dealerships the option to purchase the software for $1 at the end of the three-year lease period.

For the foregoing reasons, the court concludes the defendants have not met their burden to show $75,000 could be in controversy. The court grants GreatAmerica's motion. Lacking jurisdiction, this case must be remanded to the Iowa District Court In and For Linn County. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see, e.g., Kramper*, 393 F.3d at 834 (remanding).

---

[4] The parties appear to assume "the fair market value of any rental payments due while in use" is the amount of the contracts.

### 3. Aggregation

Although not raised by either party, the court finds another reason why jurisdiction is lacking in this case. *See Shelton v. Boeing Co.*, 399 F.3d 909, 911 n.2 (8th Cir. 2005) (recognizing "special obligation" of a federal court to question its own jurisdiction). The general rule is that a court may not aggregate a plaintiff's claims against multiple defendants to reach the amount in controversy, unless the defendants are jointly liable. *See, e.g., Middle Tenn. News Co. v. Charnel of Cincinnati*, 250 F.3d 1077, 1081 (7th Cir. 2001); *see generally* Michael A. Rosenhaus, Annotation, *Aggregation of Claims of One Plaintiff Against Two or More Defendants to Determine Amount in Controversy Under 28 U.S.C.A. § 1332*, 186 A.L.R. Fed. 321 (2003). Although it appears the dealerships are related, there is no evidence in the record to show that they are jointly liable for the contracts of the others. Absent aggregation, it is clear no claim in this case could possibly reach the jurisdictional minimum. Of the eighteen individual contracts, none exceeds $3503; the most any one defendant is alleged to owe is approximately $5200.[5] Likewise, any attorney fees and interest would need to be divided amongst the defendants before they were counted towards a defendant's individual jurisdictional minimum amount.

### C. Costs & Expenses

Once a district court remands a case to state court, it "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C. § 1447(c). The court determines that the Dealerships should pay all court costs associated with the improper removal of this action. *See id.*; *see also* Fed. R. Civ. P. 54(d)(1).

---

[5] Three of the fifteen defendants, Rohr-Tippe Motors, Inc., Rohr-Ville Motors, Inc., and Five Star Motors of Lafayette, Inc., operate two locations. Each of these defendants signed two contracts.

As for attorney fees, GreatAmerica asks the court for leave to "permit [it], under Local Rule 54.2, to support its application for attorney fees." The Dealerships, in turn, resist an award of attorney fees because their decision to remove the case to this court was "fairly supportable." *See, e.g., Lathigra v. British Airways, PLC*, 41 F.3d 535, 540 (9th Cir. 1994) (holding an award of attorney's fees was inappropriate because the removal attempt was "fairly supportable" and not made in "bad faith").

The court grants GreatAmerica's motion for leave to support its application for attorney fees. *See* L.R. 54.2(a); *see also* Fed. R. Civ. P. 54(d)(2). GreatAmerica shall have no more than fourteen days to file its application. *See* L.R. 54.2(a); *see also* Fed. R. Civ. P. 54(d)(2)(B). The court declines at this time to decide whether the Dealerships' removal of the case was "fairly supportable." The court refrains from deciding the merits of the attorney fee request until GreatAmerica's application is complete and the matter is squarely before the court.

### III. CONCLUSION

In light of the foregoing, IT IS ORDERED:

1. Plaintiff's Motion for Remand (docket no. 7) is GRANTED;

2. Defendant shall pay all court costs associated with the improper removal of this action;

and

3. The Clerk of Court is directed to provide a certified copy of this Remand Order to the Clerk of Court for the Iowa District Court In and For Linn County.

**SO ORDERED.**

**DATED** this 6th day of September, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA