## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| GREATAMERICA LEASING CORPORATION, | |
| Plaintiff, | No. C05-119-LRR |
| vs. | |
| ROHR-TIPPE MOTORS, INC. d/b/a BOB ROHRMAN QUALITY USED CARS and d/b/a BOB ROHRMAN HONDA; ROHR-INDY MOTORS, INC. d/b/a INDY HYUNDAI/SUZUKI SUPERSTORE; ROHR-GROVE MOTORS, INC. d/b/a ARLINGTON NISSAN BUFFALO GROVE; ROHR-VILLE MOTORS, INC. d/b/a SATURN OF GURNEE and d/b/a SATURN OF LIBERTY VILLE; FIVE STAR MOTORS OF LAFAYETE, INC. d/b/a SATURN OF LAFAYETTE and d/b/a BOB ROHRMAN MITSUBISHI; ROHR-MITS MOTORS, INC. d/b/a LIBERTYVILLE MITSUBISHI; ROHR-GURNEE MOTORS, INC. d/b/a GURNEE MOTORS; ROHR-MONT MOTORS, INC. d/b/a OAKBROOK TOYOTA IN WESTMONT; ROBERT V. ROHRMAN, INC. d/b/a SCHAUMBURG HONDA AUTOMOBILES; ROHR-LEX MOTORS, INC. d/b/a ARLINGTON LEXUS IN PALATINE; ROHRMAN MIDWEST MOTORS, INC. d/b/a ARLINGTON ACURA IN PALATINE; BOB ROHRMAN MOTORS INC. d/b/a BOB ROHRMAN SUBARU; ROHR-ALCO MOTORS, INC. d/b/a FORT WAYNE NISSAN-INFINITI; ROHR-ETTE MOTORS, INC.; MID-STATES MOTORS, INC. d/b/a FORT WAYNE ACURA/SUBURU, | ORDER |
| Defendants. | |

**TABLE OF CONTENTS**

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
*II.  PROCEDURAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
*III. THE MERITS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
*IV.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

## *I. INTRODUCTION*

Before the court are Plaintiff GreatAmerica Leasing Corporation's Application for Attorneys Fees (docket no. 12) and Amended Application for Attorneys Fees (docket no. 13). Defendants, Rohr-Tippe Motors, Inc., *et al.*, filed a Resistance (docket no. 14).

## *II. PROCEDURAL BACKGROUND*[1]

On May 23, 2005, Plaintiff GreatAmerica Leasing Corporation ("GreatAmerica") filed a two-count Petition against Defendants, Rohr-Tippe Motors, Inc., *et al.* ("the Dealerships") in the Iowa District Court In and For Linn County. GreatAmerica alleged breach of eighteen written contracts and unjust enrichment.

On July 7, 2005, the Dealerships filed a Notice of Removal with this court. *See* 28 U.S.C. §§ 1441(a), 1446. The Dealerships stated that this court had jurisdiction because complete diversity of citizenship existed between the parties and the amount in controversy exceeded $75,000, exclusive of interest and costs. *See id.* § 1332(a)(1).

On July 27, 2005, GreatAmerica filed a Motion for Remand. In the Motion for Remand, GreatAmerica denied that there was $75,000 in controversy and asked that the case be sent back to state court.

On September 6, 2005, the court granted GreatAmerica's Motion for Remand. The

---

[1] The circumstances surrounding this case are set forth in greater detail in a prior order. *See generally GreatAm. Leasing Corp. v. Rohr-Tippe Motors, Inc.*, 2005 WL 2160206 (N.D. Iowa Sept. 6, 2005).

court concluded the Dealerships failed to establish that the court had jurisdiction to hear the case. The court remanded the case to the Iowa District Court In and For Linn County and ordered the Dealerships to pay all court costs associated with the improper removal of the action. *See* 28 U.S.C. § 1447(c).

In its Motion for Remand, GreatAmerica asked the court for leave to file a separate application for attorney fees. The court granted GreatAmerica's request in its September 6, 2005 Order. *See* L.R. 54.2(a); *see also* Fed. R. Civ. P. 54(d)(2). The court refrained from deciding the merits of the attorney fee request until GreatAmerica's application was complete.

On September 13, 2005, GreatAmerica filed the instant Application for Attorneys Fees. GreatAmerica requested $7031.20 for the work of two attorneys and two paralegals. The bulk of the claimed attorney fees were attributed to Attorney Mark Parmenter, who billed GreatAmerica for 50 hours of legal work at $120 per hour. The two paralegals worked a total of 10 hours, at rates of $80 per hour and $90 per hour, respectively.

On September 22, 2005, GreatAmerica filed an Amended Application for Attorneys Fees. While GreatAmerica maintained its original filing was accurate, in the exercise of "billing judgment" it conceded that $4000 would be "sufficient and reasonable." GreatAmerica does not indicate in its Amended Application for Attorney Fees how it arrived at the $4000 figure.

On September 26, 2005, the Dealerships filed a Resistance. The Dealerships do not specifically challenge the number of hours GreatAmerica expended or the rate of pay charged. Instead, the Dealerships maintain GreatAmerica is not entitled to attorney fees because the Dealerships' removal was "in good faith" and "fairly supportable."

### *III. THE MERITS*

Upon remand to state court, the district court "may require payment of just costs and actual expenses, including attorney fees, incurred as a result of removal." 28 U.S.C.

§ 1447(c). As the permissive language of the statute makes clear, the decision to award attorney fees rests within the sound discretion of the district court. *In re Lowe*, 102 F.3d 731, 733 n.2 (4th Cir. 1996); *Koninklijke Philips Elecs. v. Digital Works*, 358 F. Supp. 2d 328, 335 (S.D.N.Y. 2005); *cf. United States v. Premises Known as 318 S. Third St.*, 988 F.2d 822, 827-28 (8th Cir. 1993) (concluding that use of "may" instead of "shall" in a forfeiture statute meant "forfeitures are not mandated . . . , but are left to the discretion of the courts").

The Dealerships maintain the court should not award GreatAmerica attorney fees because their removal of the case to federal court was in good faith and fairly supportable. The Eighth Circuit Court of Appeals has not decided what factors a trial court must weigh in considering whether to award attorney fees under 28 U.S.C. § 1447(c). Other courts, however, have applied a wide variety of factors. *See generally* Thomas Fusco, Annotation, *Award of Attorneys' Fees Under 28 U.S.C.A. § 1447(C), Which Allows District Court to Award Fees Upon Remanding Case to State Court*, 119 A.L.R. Fed. 433 (1994). Additionally, a review of cases from other circuits indicates that some trends have developed.

The decision to award attorney fees must depend upon "overall fairness given the nature of the case, the circumstances of the remand, and the effect on the parties." *Koninklijke*, 358 F. Supp. 2d at 335 (quoting *Morgan Guar. Trust Co. v. Republic of Palau*, 971 F.2d 917, 924 (2d Cir. 1992); *see also Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993) (approving of same standard). "Central to the determination of whether attorneys' fees should be granted is the propriety of the defendant's decision to remove." *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001) (citing *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993)); *accord Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997) ("[T]he key factor is propriety of defendant's removal."). The mere fact that removal was improper, however,

4

does not automatically entitle the plaintiff to attorney fees. *See Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 292 (5th Cir. 2000).

An applicant for attorney fees need not show the removing party acted in bad faith. In other words, the applicant for attorney fees does not have to show the removing party acted with an improper motive, vexatiously, or for oppressive reasons. *See, e.g., Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005); *Sirotzky v. NYSE,* 347 F.3d 985, 987 (7th Cir. 2003); *Lowe,* 102 F.3d at 733 n.2; *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996); *Moore v. Permanente Med. Group, Inc.,* 981 F.2d 443, 448 (9th Cir. 1992); *Morgan*, 971 F.2d at 923-24; *accord Valdes*, 199 F.3d at 292 ("To be sure, the district court may award fees even if removal is made in subjective good faith."). By its terms, the statute does not require a showing of bad faith. 28 U.S.C. § 1447(c); *see, e.g., Morgan*, 971 F.2d at 923 (noting 28 U.S.C. § 1447(c) "makes no reference at all to the state of mind or intent of the party removing the action, instead focusing strictly on the mere absence of subject-matter jurisdiction").[2]

Likewise, the applicant for attorney fees need not show the defendant's removal of the case was not "fairly supportable." A court may, in its discretion, award attorneys' fees if a defendant's removal, although "fairly supportable," is "wrong as a matter of law." *Balcorta v. Twentieth Century-Fox Film Corp.,* 208 F.3d 1102, 1106 n.6 (9th Cir. 2000); *see also Ansley v. Ameriquest Mortgage Co.,* 340 F.3d 858, 864 (9th Cir. 2003) ("A court may award attorney fees when removal is wrong as a matter of law."). *But see Lathigra*

---

[2] Any requirement to show bad faith ended when 28 U.S.C. § 1447(c) was amended in 1988. Pub. L. 100-702, Tit. X, § 1016(c)(1), 102 Stat. 4670; *see Tenner v. Zurek*, 168 F.3d 328, 329-30 (7th Cir. 1999) (pointing out that prior to 1988, 28 U.S.C. § 1447(c) did not authorize an award of attorney fees; courts thus applied the "American Rule," which held that, in the absence of a statutory or contractual provision, attorney fees ought not be awarded unless there was demonstrable bad faith). *See generally Penrod Drilling Corp. v. Granite State Ins. Co.*, 764 F. Supp. 1146, 1147 (S.D. Tex. 1990) (discussing 1988 amendment in detail).

5

*v. British Airways PLC*, 41 F.3d 535, 540 (9th Cir. 1994) (holding attorney fee award was "inappropriate" because removal was "fairly supportable" and "there has been no showing of bad faith") (quoting *Schmitt v. Ins. Co. of N. Am.*, 845 F.2d 1546, 1552 (9th Cir. 1988).[3] In addition, 28 U.S.C. § 1447(c) does not provide an absolute defense for "fairly supportable" removals.

Although it is not necessary that the party seeking attorney fees show the removal of the case was in bad faith or not fairly supportable, such showings (or lack thereof) are appropriate factors for the court to consider in its analysis. *See Tenner v. Zurek*, 168 F.3d 328, 330 (7th Cir. 1999) (citing *Morgan*, 971 F.2d at 923-24); *Frontier Ins. Co. v. MTN Owner Trust,* 111 F. Supp. 2d 376, 381 (S.D.N.Y. 2000). In the case at bar, GreatAmerica has not shown the Dealerships acted in bad faith in removing this case to federal court. The court also finds the Dealerships' attempt to remove the case was fairly supportable. As the court stated in its September 6, 2005 Order remanding the case, the "critical issue" was determining the appropriate time-frame for calculating the jurisdictional amount. *See GreatAm. Leasing*, 2005 WL 2160206, at *2. This "time-frame issue" is a novel one in the Eighth Circuit, and other circuits are split on what to do. *See id.* (citations omitted). Because the time-frame issue is an open question, this factor weighs against the award of attorney fees. *See Wagner v. Chevron Oil Co.,* 321 F. Supp. 2d 1195, 1213 (D. Nev. 2004) (noting that courts are reluctant to award attorney fees when removal involves open questions of law and there is no showing of bad faith) (citing *Bearden v. PNS Stores, Inc.*, 894 F. Supp. 1418, 1424 (D. Nev. 1995)); *see also Am. Inmate Phone Sys., Inc. v. US Sprint Commc'ns Co.*, 787 F. Supp. 852, 859 (N.D. Ill. 1992) (declining to award attorney fees where case involved "complex issues," "a

---

[3] Although the Ninth Circuit Court of Appeals has not expressly overruled *Lathigra*, it overruled *Schmitt,* the case upon which *Lathigra* drew support, in *Balcorta*. *See Balcorta*, 208 F.3d at 1106 n.6. It therefore follows that the Ninth Circuit abrogated *Lathigra sub silentio* in *Balcorta*.

substantial jurisdictional question" and there was no showing of bad faith).

For all of the above reasons, the court, in its discretion, declines to award GreatAmerica attorney fees. 28 U.S.C. § 1447(c). Accordingly, the court denies GreatAmerica's Application for Attorneys Fees and Amended Application for Attorneys Fees.

### *IV. CONCLUSION*

In the light of the foregoing, IT IS ORDERED:

Plaintiff's Application for Attorneys Fees (docket no. 12) and Amended Application for Attorneys Fees (docket no. 13) are denied.

**SO ORDERED.**

**DATED** this 6th day of October, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA